UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Winifred Simpson,

     Plaintiff,

v.                             CASE NO. 8:24-cv-02932-SDM-NHA

Stepp's Towing Service, Inc.,

     Defendant.

_____/

## **ORDER**

Alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Florida Civil Rights Act, as well as interference and retaliation under the Family and Medical Leave Act, Winifred Simpson sues (Doc. 11) Stepp's Towing Service, Inc. The defendant moves (Doc. 18) under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim on which relief can be granted.

## **BACKGROUND**[1]

Simpson, a black woman, worked for the defendant from October 2021 to December 2022 as a "Call Taker." (Doc. 11 at ¶¶ 15-17) Simpson suffered from an unspecified "mental or physical impairment." (Doc. 11 at ¶ 18) At some point, Simpson

---

[1] Theis section assumes the veracity of Simpson's "well-pleaded factual allegations" while "eliminat[ing] any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (U.S., 2009)).

"inquired with Defendant about taking FMLA leave." (Doc. 11 at ¶ 24) Simpson's manager "instructed . . . that she should not apply for FMLA leave and that Defendant would not terminate her employment for missing work" as Simpson dealt with her mental or physical impairment. (Doc. 11 at ¶ 25) Simpson ultimately did not apply for FMLA leave. (Doc. 11 at ¶ 26)

On at least one occasion, Simpson applied for a promotion but was denied. (Doc. 11 at ¶ 28) Meanwhile, at some other time, at least one of her white colleagues received a promotion. (Doc. 11 at ¶ 29) Also, at least one of her white colleagues was "called into the manager's office and asked if they were comfortable with their schedule or if there was anything they wanted to change." (Doc. 11 at ¶ 30) Simpson, however, "was not afforded the ability to provide feedback or input on her schedule."[2] (Doc. 11 at ¶ 31) In November 2022, Simpson complained to the defendant about what she believed to be discrimination and disparate treatment on account of her race. (Doc. 11 at ¶ 34)

That same month, Simpson applied for short-term disability leave to undergo surgery for her condition.[3] (Doc. 11 at ¶¶ 35-36) Six weeks later, Simpson was terminated. (Doc. 11 at ¶ 38) She now brings this lawsuit.

---

[2] Simpson contradicts this in the very next paragraph, admitting that she "requested changes to her schedule multiple times." (Doc. 11 at ¶ 32)

[3] Simpson fails confirm whether she was granted leave, whether she took the leave, or whether she underwent the surgery.

## DISCUSSION

### Motion to Dismiss Standard

To survive a challenge by motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. If a complaint simply parrots the elements of a cause of action and is supported by mere conclusory statements, it must be dismissed. *Twombly*, 550 U.S. at 555.

### Discrimination Under Title VII and the FRCA

To establish a prima facie case of discrimination under Title VII or the FCRA, the plaintiff must show that: (1) she was a member of a protected class defined by race or gender; (2) she was qualified for the job; (3) she suffered an objectively serious adverse job action; and (4) she was treated less favorably than a similarly situated person outside of her protected class. *See Maynard v. Board of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). Simpson's case rests on the allegations (1) that she did not receive a promotion for which she believes she was qualified but similarly situated white colleagues with less experience and lesser qualifications were selected for the positions and (2) that she was not afforded the opportunity to provide feedback or input on her schedule but similarly situated white colleagues were given the opportunity to provide input on their schedules. (Doc. 11 at

¶¶ 28-32) Simpson fails to plead any facts to support how she was more qualified than her white colleagues for these positions. Simpson also contradicts her alleged inability to negotiate her work schedule by her admission that she requested schedule changes. (Doc. 11 at ¶ 36)

## Discrimination under the ADA

To state a claim for discrimination under the ADA, the plaintiff must establish that she (1) has a disability, (2) is a qualified individual capable of performing the essential functions of the job with or without reasonable accommodations, and (3) was intentionally subjected to discrimination because of the disability. *Terrell v. USAIR*, 132 F.3d 621, 624 (11th Cir. 1998); *Mont-Ros v. City of West Miami*, 111 F.Supp.2d 1338, 1350 (S.D. Fla. 2000). Simpson has failed to plead facts sufficient to state any of the elements of an ADA discrimination claim. Her amended complaint states only that she was "a member of a protected class under the ADA" and that she "suffered from a mental or physical impairment which substantially limited one or more of her major life activities." These word-for-word recitations of the ADA, unaccompanied by any supporting facts, cannot establish that Simpson had a disability or that she suffered discrimination as a result.

## Retaliation under Title VII, the FRCA, the ADA, and the FMLA

To state a claim of retaliation, the plaintiff must establish (1) that she engaged in a protected activity, (2) that she suffered adverse employment action, and (3) that the protected activity caused the adverse employment action. *Rainey v. Holder*, 412 Fed. Appx. 235 (11th Cir. 2011). The plaintiff must show that "the decision-makers

were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." *McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008).

As regards Simpson's retaliation claims under Title VII and the FRCA, she has failed to allege a causal connection between any protected activity and adverse employment action. She alleges that she engaged in protected activity by complaining to the defendant about disparate treatment but later states that she was terminated for missing too many work days that were used to treat her medical condition. By Simpson's admission, her termination was wholly unrelated to her race.

Likewise, Simpson has failed to establish the causal relation required for her ADA and FMLA retaliation claims. Simpson alleges that the defendant informed her that she was terminated for missing too many days of work for treatment of her condition, which has not been established as a disability. Also, the plaintiff has failed to allege facts relating to her notice of short-term leave, such as the duration of the proposed leave or the prospect of time missed later.

### FMLA Interference

To state a prima facie case for FMLA interference, an employee must allege that (1) she was entitled to a benefit under the FMLA and (2) she was denied a benefit to which he was entitled. *Kruzig v. Pulte Home Corp.,* 602 F.3d 1231, 1235 (11th Cir. 2010). The FMLA authorizes an eligible employee for twelve weeks of annual unpaid leave for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." *Hurlbert v. St. Mary's Health*

- 5 -

*Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006). Simpson's complaint, which, among other deficiencies, parrots the language of the FMLA with the conclusory statement that she suffered from such a "serious health condition," fails to provide the factual basis necessary to establish her standing under the FMLA.

## CONCLUSION

The defendant's motion to dismiss is **GRANTED** as to all counts.

ORDERED in Tampa, Florida, on September 24, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE